SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 16 cr 10323 |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| ) | WIRE FRAUD |
| JOSEPH L. ANGELO, JR. ) | 18 U.S.C. § 1343 |
| Defendant ) | |
| ) | FORFEITURE ALLEGATION |
| ) | 18 U.S.C. § 981(a)(1)(C) |
| ) | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

## THE DEFENDANT

1. Defendant JOSEPH L. ANGELO, JR. ("ANGELO") was an individual who resided at Saugus, Massachusetts.

2. Defendant ANGELO was the owner and operator of Lease One Corp. ("Lease One") located in Lynnfield, Massachusetts. ANGELO represented Lease One as a company that brokered loans for small business owners seeking financing for various projects. ANGELO also from time-to-time represented Lease One as a company that provided direct loans for small business owners. In 2014, Angelo changed the name of his company to Palmtree Finance and Funding LLC ("Palmtree"), but he continued to operate the same business under the new name at the same Lynnfield, Massachusetts location.

3. Defendant ANGELO maintained and controlled Account No. XXXXXXX2057 at Eastern Bank and Account No. XXXXXX3165 at Citizens Bank in the name of "Lease One Corp." He also maintained and controlled Account No. XXXXXX4220 at People's United Bank in the name of "Palmtree Finance & Funding, LLC."

## THE OWNERS AND PRINCIPALS OF THE SMALL BUSINESSES

4. W.C., J.E., S.P., J.K., A.F., E.R., S.F., T.R., W.G., R.C., M.C., J.G., J.R., and J.T. were owners and principals for small businesses seeking financing for various projects.

5. The following small businesses (collectively, "the small businesses") sought financing for various projects:

| | |
|---|---|
| Small Business No. 1 . | Idaho Falls, Idaho |
| Small Business No. 2 | Hurricane, Utah |
| Small Business No. 3 | Pawtucket, Rhode Island |
| Small Business No. 4    . | Springfield, Missouri |
| Small Business No. 5 | Apex, North Carolina |
| Small Business No. 6 | Honesdale, Pennsylvania |
| Small Business No. 7. | Elmhurst, Illinois |
| Small Business No. 8 | McCook Lake, South Dakota |
| Small Business No. 9. | Oklahoma City, Oklahoma |
| Small Business No. 10 | Oklahoma City, Oklahoma |

## THE FRAUDULENT SCHEME

6. From in or about November of 2011 and continuing until in or about March of 2015, ANGELO devised and executed a fraudulent scheme by which owners and principals of small businesses were induced to pay deposits to Lease One or Palmtree based on representations by ANGELO that Lease One or Palmtree would directly provide loan funds or would obtain loans

from other lenders for the small businesses, and that their deposits would be refunded if the loans were not funded.

7. In furtherance of his fraudulent scheme, ANGELO made the following false representations, among others, to the owners and principals of the small businesses:

   a. That the deposit would be held as a security deposit when, as ANGELO well knew and intended, when he received the deposits he immediately spent the deposits for his own uses;

   b. That for some of the small businesses, Lease One and Palmtree would immediately provide the requested funds when, as ANGELO well knew, he had neither the intention nor the capacity to have Lease One or Palmtree provide the requested funds;

   c. That for the other small businesses, Lease One and Palmtree would immediately secure the requested funds from a third party lender, when, as ANGELO well knew, he had neither the intention nor the capacity to immediately secure the requested funds from a third party lender:

   d. That the deposit would be refunded if the loan was not funded, when, as ANGELO well knew, he had spent the deposit and had neither the intention nor the capacity to refund the deposit;

   e. That the requested loan would be funded within a very short period of days after the deposit was paid and ANGELO had conducted a site visit to the small business project, when, as ANGELO well knew, when he received the

deposit and made the site visit he had neither the intention nor the capacity to deliver the requested funds;

    f. When ANGELO received complaints about delays and the lack of funding of the promised loans, among other things, ANGELO continued to make fraudulent representations to the owners and principals of the small businesses, including but not limited to:

        1. That funding had been approved and was imminent, when, as ANGELO well knew, there had been no approval of funding and there were no funds available for imminent funding of the requested loans; and

        2. That Lease One and Palmtree would refund the deposits if the small businesses executed a form called "REQUEST FOR REFUND" when, as ANGELO well knew, he had neither the intention nor the capacity to refund the deposits.

8. ANGELO never funded or secured funding for any of the requested loans and did not refund any deposits.

## COUNTS ONE THROUGH ELEVEN

### (Wire Fraud – 18 U.S.C. §1343)

9. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 8 of this Indictment, and further alleges that:

10. On or about the dates set forth below, in the District of Massachusetts and elsewhere,

### JOSEPH L. ANGELO, JR.,

the defendant herein, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did cause writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce, as follows:

| COUNT | DATE | WIRE COMMUNICATION |
| --- | --- | --- |
| 1 | 11/18/2011 | $ 344,918.00 transfer of funds by wire from Citizens Community Bank checking account No. XXXXXX1397 on behalf of Small Business No. 1 to Eastern Bank checking account No. XXXXXX2057 |
| 2 | 2/27/2012 | $ 20,000.00 transfer of funds by wire from Wells Fargo Bank checking account No. XXXXXX6586 on behalf of Small Business No. 2 to Eastern Bank checking account No. XXXXXX2057. |
| 3 | 3/2/2012 | $ 251,000.00 transfer of funds by wire from Wells Fargo bank checking account No. XXXXXX6586 on behalf of Small Business No. 2 LLC to Eastern Bank checking account No. XXXXXX2057. |

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 4 | 6/7/2012 | $ 77,604.20 transfer of funds by wire from JP Morgan Chase Bank checking account No. XXXXXX0460 on behalf of Small Business No. 3 to Eastern Bank checking account No. XXXXXX2057 via Image Cash Letter copy of the check from Eastern Bank to US Bank collections center at Olathe, Kansas |
| 5 | 11/19/2013 | $ 131,033.82 transfer of funds by wire from Guaranty Bank checking account No. XXXXXX5089 on behalf of Small Business No. 4 to Citizen's Bank checking account No. XXXXXX3165. |
| 6 | 12/2/2013 | $ 24,500.00 transfer of funds by wire from Wells Fargo Bank checking account No. XXXXXX4245 on behalf of Small Business No. 5 to Citizen's Bank checking account No. XXXXXX3165. |
| 7 | 4/4/2014 | $ 60,188.00 transfer of funds by wire from Fidelity Deposit and Discount Bank checking account No. XXXXXX2612 on behalf of Small Business No. 6 to Citizen's Bank checking account No. XXXXXX3165. |
| 8 | 6/27/2014 | $ 17,074.67 transfer of funds by wire from First Midwest Bank checking account No. XXXXXX4638 on behalf of Small Business No. 7 to Citizen's Bank checking account No. XXXXXX3165. |
| 9 | 10/28/2014 | $ 30,000.00 transfer of funds by wire from Security National Bank checking account No. XXXXXX9613 on behalf of Small Business No. 8 to People's United Bank checking account No. XXXXXX4220. |
| 10 | 3/13/2015 | $ 33,250.00 transfer of funds by wire from JP Morgan Chase Bank checking account No. XXXXXX3801 on behalf of Small Business No. 9 to People's United Bank checking account No. XXXXXX4220. |
| 11 | 3/26/2015 | $ 80,000.00 transfer of funds by wire from Banc First checking account No. XXXXXX4581 on behalf of Small Business No. 10 to People's United Bank checking account No. XXXXXX4220. |

All in violation of Title 18, United States Code, Section 1343.

## WIRE FRAUD FORFEITURE ALLEGATIONS

### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

11. Upon conviction of one or more of the offenses in violation of 18 U.S.C. § 1343, as set forth in Counts One through Ten of this Indictment,

**JOSEPH L. ANGELO, JR.,**

the defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

12. If any of the property described in paragraph 11 above, as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 11 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY

_____
VICTOR A. WILD
ASSISTANT UNITED STATES ATTORNEY

DISTRICT OF MASSACHUSETTS: November ___, 2016

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

@ 3:50 PM
11/15/16

8