UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JOSEPH L. ANGELO

CRIMINAL NO. 16-CR-10323-FDS

**DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT**

NOW COMES the Defendant, Joseph L. Angelo, Jr., ("Mr. Angelo") by and through his counsel, Richard C. Chambers, Jr., and respectfully submits the following objections to the Defendant's Final Presentence Report which was received April 4, 2018.

1. The Government has recommended a 2-level increase under § 2B1.1(b)(11) for so-called identity theft. The Defendant submits that this enhancement cannot apply for the following reasons:

    a. There is no evidence that Mr. Angelo forged the signature, if it is a forgery, or whether or not someone other than the defendant, in fact, forged it under his direction or with his knowledge.

    b. The above enhancement applies only if the Defendant obtained a loan by use of the victim's identity, not when the victim received the loan. In this case, the victim actually

received the loan, not the defendant. Therefore, Mr. Angelo, even if he had anything to do with forging the victim's signature, which he denies, should not receive the above enhancement since the victim received the loan. In fact, if the victim did not authorize that loan, she should not have accepted the money.

    c.     The Government's reliance upon the Sixth Circuit case, <u>United States of America v. Williams</u>, is misplaced and does not apply, to this matter. In <u>Williams</u> the defendants engaged in identity theft in order to obtain loans in *their own names* dissimilar to the conduct alleged in this matter. Here, the *victim* received a loan, not the defendant, and she accepted the loan regardless of who signed the application. Therefore the above enhancement is not warranted because it is meant to apply in cases where a person's identity is stolen and then used to produce another identity that is then used to "steal" money.

    d.     The application notes of the Guideline in question demonstrate that the enhancement only applies to situations where a defendant steals a person's identity and then uses the stolen identity to create an additional identity that can then be used for nefarious reasons. There is no claim, in this case, that a purportedly forged signature was used to create a new identity, of the victim, in order to use the new identity to commit fraud. This is simply a case where a claim is being made, which the Defendant vehemently denies, that the victim's signature was forged on a loan application and then the alleged victim received the loan (which she did not have to accept). There are no facts, evidence and/or circumstances in this case where the defendant used the victim's identity to create an additional identity and then used that new identity to commit fraud.

e.     This case is more analogous to the example given in the application notes (¶ iii) where a "defendant forges another individual's signature to cash a stolen check". Even more compelling in this case, even if we assume that there might have been forgery to obtain the loan, the victim received the money from the loan, not anyone else. If the enhancement does not apply where there is a forgery and the defendant obtains the proceeds, then certainly it does not equally apply where there is a purported forgery and the alleged victim received the money. It does not make sense to apply this enhancement.

Based on the foregoing the applicable standards, current case law and precedents, when identity theft occurs, in order to receive the enhancement that the Government is requesting the perpetrator has to convert the theft of the identity into obtaining funds for their personal use which did not occur in this case therefore the defendants submits that the enhancement would not apply.

2.     In Mr. Angelo's, prior PSR, Probation stated that she was awaiting letters from the victims claiming substantial financial hardship required to enhance the Defendant's sentence 4-levels. To date, it appears that letters have not been received from the victims and if they were received they have not been produced to the Defense. The Defense did not object at that time because we were waiting to receive evidence of the "substantial financial hardships" the victims claimed they suffered. So far, we only have allegations of five or more victims suffering hardship, made by the Government, without letters evidencing the hardships from the victims themselves. Since they were all notified to submit letters, and none have been produced, that makes it more probable than not that the criteria has not been met and that the 4-level enhancement does not apply. We submit that this type of enhancement cannot be given based solely on claims that a victim suffered some type of financial hardship, and the victims,

themselves, fail to explain what the particular hardship was and the defendant was not provided an opportunity to rebut the claims. Several of the victims *the Government* claims suffered monetary loss may have been compensated by other means such as insurance policies. Therefore, the Defendant respectfully submits that this enhancement does not apply under the circumstances of this case primarily, because it appears that those who claimed substantial financial hardship have failed to personally make that claim and demonstrate the facts behind the claim. Based on the foregoing the Defendant submits that the ¶ 45 enhancement contained in Defendant's Final Presentence Report should not apply under the circumstances of this case.

RESPECTFULLY SUBMITTED,
Joseph L. Angelo, Jr.
By his Attorney,

/s/ Richard C. Chambers, Jr.

Richard C. Chambers, Jr.
BBO: #651251
220 Broadway, Suite 404
Lynnfield, MA 01940
Telephone: 781-581-2031

Dated: April 5, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5, 2018.

/s/ Richard C. Chambers, Jr.

Richard C. Chambers, Jr.
BBO: #651251
220 Broadway, Suite 404
Lynnfield, MA 01940
Telephone: 781-581-2031